Dear Auditor and Inspector Clifton H. Scott,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Is it proper for a deputy county officer to be paid an amountin excess of that set pursuant to 19 O.S. 1991 and Supp. 1999,§§ 180.58-180.83 (The Salary Act)?
¶ 1 Under Oklahoma law there are alternative methods by which counties may adopt budgets for a particular fiscal year. A county may use the procedures found at 68 O.S. 1991 and Supp. 1999, §§3001-3033, or a county may, through action of its board of county commissioners, choose to use the provisions of the County Budget Act. See 19 O.S. 1991 and Supp. 1999, §§ 1401-1421.
¶ 2 Under Title 68 procedures, county commissioners are responsible for preparing an estimate of needs and a financial statement from estimates submitted by county officers and department heads. See 19 O.S. 1991, § 345[19-345]; 68 O.S. 1991, §§3002[68-3002] and 3004. The final versions are then submitted to the county excise board. See 68 O.S. 1991, § 3002[68-3002].[1]
¶ 3 The county excise board "functions as a watchdog agency which is empowered to require adequate and accurate reporting of finances and expenditures for all budgets and supplemental purposes and to review all appropriations and requests to determine if they are legal and adequately funded." Summey v.Tisdale, 658 P.2d 464, 467 (Okla. 1982); see also 68 O.S.1991, § 3006[68-3006]. After the financial statements and estimates of needs have been reviewed, public hearings held and necessary changes made in the estimates, the budget is approved by the county excise board and filed in the county clerk's office. Excise boards have discretion to approve salaries as well as to reduce the amount requested when the proposed budget reflects that the salary rate is in excess of needs. See Summey, 658P.2d at 469.
¶ 4 Alternate procedures may employ the use of a county budget board and are found in the County Budget Act. See 19 O.S. 1991 and Supp. 1999, §§ 1401-1421. The county budget board is created at 19 O.S. 1991, § 1407[19-1407] and consists of each elected county officer. The chair of the board of county commissioners serves as chair of the county budget board. Under the county budget board procedures, the board must prepare a budget for each fund requiring funding. See 19 O.S. 1991, § 1408[19-1408]. Once adopted by the county budget board, the budget is filed with the county excise board and pursuant to 19 O.S. 1991, § 1413[19-1413](C), is subject to the final approval of the county excise board.
¶ 5 Pursuant to 19 O.S. Supp. 1999, § 162[19-162], a county officer shall appoint deputies. Section 162 provides in pertinent part:
 Subject to the approval of the county excise board,
every county officer shall appoint such regular and special deputies as are essential to the performance of the duties of the office in an efficient manner and shall fix their salaries and compensation. . . . The board of county commissioners and the county excise board shall annually appropriate amounts that will enable a county officer to hire and keep capable deputies, provide their instruction, provide sufficient supplies and equipment for the county officer and his deputies, provide reimbursement for traveling expenses for the county officer or deputies whose assignments require expenditures therefor, or provide a monthly travel allowance for the county officer in lieu of reimbursed expenditures for travel within this state.
Id. (emphasis added).
¶ 6 Although county officers are authorized to appoint such regular and special deputies as are essential to operation of the office, such appointment is subject to approval of the county excise board. This is true regardless of the methodology by which a county adopts a budget.
¶ 7 Your question specifically relates to the provisions of 19O.S. 1991 and Supp. 1999, §§ 180.58-180.83 ("the Salary Act"). The purpose of the Salary Act is found at Sections 180.58(B) and 180.71(B)[2] which provide:
 The purpose of . . . this title is to codify and revise the laws of the state relating to the salaries and wages of county officers and their deputies and employees, and to establish said salaries and wages by general law applicable throughout the state under a uniform schedule fixing such salaries and wages
and future increases and reductions thereof upon the following bases:
 1. The available revenues of the several counties out of which such salaries and wages may be paid;
2. The amount of services required to be performed;
 3. The monetary value of such services in relation to that of nongovernmental services of similar nature in the areas wherein such services are performed; and
 4. The relative amounts of services required of the various county officers, their deputies and employees upon investigation and full consideration of the applicable facts.
Id. (emphasis added).
¶ 8 The Salary Act is intended to be generally applicable to all counties. Several sections of the Salary Act grant authority to the board of county commissioners and the county excise board:
 1. Sections 180.62(B) and 180.74(B) require that the annual salaries of certain elected officers be fixed by the county commissioners except where otherwise provided by law.[3]
 2. Sections 180.65 and 180.81 require the hiring of certain deputies and set the salaries of first assistants, deputies and others with the approval of the county excise board and county commissioners.[4]
 3. Sections 180.65(G) and 180.81(G) require the county excise board to meet with each principal officer of the county for budget planning conferences.
¶ 9 The Salary Act is the comprehensive law applicable to the salaries of county officers, their assistants, deputies or other employees. The Salary Act is specific as to calculation and responsibility regarding county salaries and wages.
¶ 10 A county officer may appoint such regular and special deputies as are needed, but providing for funding for such deputies and approval of salaries is ultimately the responsibility of the county excise board. There is no authority which allows a deputy to be paid a salary in excess of the amount set pursuant to the Salary Act.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A deputy county official's salary is set pursuant to the provisions of 19 O.S. Supp. 1999, § 162[19-162] and the Salary Act, 19 O.S. 1991 and Supp. 1999, §§ 180.58-180.83. There is no authority to pay a deputy in excess of the amount approved by the excise board pursuant to the Salary Act.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] The county excise board is created at 68 O.S. 1991, §3005.1[68-3005.1] and is composed of the members of the county board of equalization. Section 2861 of Title 68 provides:
 A. A county board of equalization is hereby created for each county in the state. Said board shall consist of three (3) members.
 B. Members of the county board of equalization shall be appointed as follows:
 1. One member shall be appointed by the Oklahoma Tax Commission;
 2. One member shall be appointed by the board of county commissioners; and
 3. One member shall be appointed by the district judge or a majority of the district judges in all judicial districts where more than one district judge is elected.
Id.
[2] Because some counties have exempted household goods of the heads of families and livestock employed in support of families from ad valorem taxes, there are two sets of statutes within the Salary Act providing for calculation of salaries:
 1. 19 O.S. Supp. 1999, § 180.67[19-180.67] declares that it is the intent of the Legislature that Sections 180.58-180.68 of the Act shall be the comprehensive salary code for all counties.
 2. 19 O.S. Supp. 1999, § 180.82[19-180.82] declares that Sections 180.71-180.83 shall be the comprehensive salary code for counties adopting the exemption of household goods of the heads of families and livestock employed in support of families. Therefore, the provisions of 19 O.S. Supp. 1999, §§ 180.58-180.68 apply to counties not adopting the exemption and Sections 180.71-180.83 apply in counties adopting the exemption. Both Sections 180.67 and 180.82 provide that "no county officer[,] . . . their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act."
Id.
[3] See 19 O.S. Supp. 1999, § 180.61[19-180.61] for classification of county officers.
[4] Sections 180.65(A) and 180.81(A) each provide in pertinent part:
 The officers named . . . shall have such number of regular or technical deputies, assistants, investigators, evidence persons, aides, stenographers or reporters, technicians, undersheriffs, jailers, matrons, handwriting and fingerprint experts, probation officers, juvenile officers, bailiffs, or other help, . . . at such rates of salary or pay, subject to the provisions of this section as hereinafter set forth, as the principal officer may propose and establish the need of and which the county excise board may approve, for the adequate accomplishment of the functions of the office and the performance of the duties imposed thereon by law,. . . . However, no such employments shall exceed the amount of lawful funds appropriated for such purpose.
Id.